PAID



Marcia Wilson
Plaintiff in *Propria Persona*
1786 E. Dimondale Drive
Carson, CA 90746
phone: (310) 508-5708
email: aicram1482@protonmail.com

**FILED**
CLERK, U.S. DISTRICT COURT

APR 26 2022

CENTRAL DISTRICT OF CALIFORNIA
BY: _____EEE_____ DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

United States Courthouse; 255 East Temple Street; Los Angeles, CA 90012-3332

MARCIA WILSON

PLAINTIFF,

v.

LOS ANGELES COUNTY

FIRE DEPARTMENT

DEFENDANT.

_____/

CASE NO. 2:22-CV-02823-RGK(PDx)

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Marcia Wilson ("plaintiff"), files this complaint against defendant, LOS ANGELES COUNTY FIRE DEPARTMENT ("defendant") and states as follows:

## INTRODUCTION

**1.** This is a claim by plaintiff Marcia Wilson against her employer for violations of the Americans with Disabilities Act Amendments Act ("ADA-AA"), 42 U.S.C. § 12101, *et sequitur* for discrimination and retaliation on the basis of disability; for prohibited actions taken on the basis of this disability under the "regarded as" prong and the "record of" prong; and for declaratory and injunctive relief under Title I of the Americans with Disabilities Act as implemented under 29 CFR Part 1630, *et sequitur*.

- 1 -

*Complaint-- Marcia Wilson*

004471

**2.**      Plaintiff brings this action pursuant to the ADA-AA to recover all available relief in law, including but not limited to: (i) a judgment from this court that defendant's actions were unlawful; (ii) back pay; (iii) compensatory damages in whatever amount plaintiff is found to be entitled; (iv) reinstatement, or in the alternative front pay in the event reinstatement is not practical; (v) an equal amount as liquidated damages, other monetary damages; (vi) an award of costs and reasonable attorney's fees; and (vii) punitive damages to the extent available; (viii) pre-judgment and post-judgment interest; and (ix) a jury trial on all issues so triable.

## JURISDICTION AND VENUE

**3.**      This court has original and exclusive jurisdiction over plaintiff's claims pursuant to 28 U.S.C. §1331, in that the matters in controversy are brought pursuant to Title I of the Americans with Disabilities Act of 1990 and the ADA-AA of 2008; 42 U.S.C. §12101 and 42 U.S.C. §12112(a), (b) and (d)(4) as it pertains to "Discrimination"; as implemented by 29 CFR Part 1630.14(b)(3), (c) & (d) as it pertains to adverse employment actions, employers and medical examinations and interventions.

**4.**      Venue is proper in this judicial district under 28 U.S.C. §1391 because defendant does business in this judicial district and the acts complained of took place in this judicial district.

**5.**      The incidents and facts giving rise to this complaint have occurred within the last one hundred eighty days.   The plaintiff filed a timely charge of discrimination against the defendant with the Equal Opportunity Employment Commission ("EEOC") on or about the date of December 22, 2021.

**6.**      On January 27, 2022, the EEOC issued plaintiff a notice of right to sue against the defendant with regards to this matter. A copy of the right to sue letter is attached in Exhibit A-14.

**7.**      Plaintiff has exhausted the administrative remedies available to her.

**8.**      Plaintiff filed this complaint within 90 days of the EEOC's issuance of the notice of right to sue.

- 2 -

*Complaint-- Marcia Wilson*

## PARTIES

**9.**     Plaintiff, Marcia Wilson, resides in Carson, California at the address of 1786 E. Dimondale Drive and is a qualified individual with a disability within the meaning of the ADA.

**10.**     The plaintiff is an employee of the defendant, which is a "covered entity" within the meaning of the ADA-AA.

**11.**     The defendant's principal place of business is located at 1320 North Eastern Avenue; Los Angeles, CA 90063.

**12.**     At all times material to this action, plaintiff was an "employee" of defendant within the meaning of the ADA-AA.

**13.**     At all times relevant, defendant was an "employer" as defined by 42 U.S.C. 12111(5).

**14.**     From approximately March 27, 2000, until the present was/is employed as a Fire Prevention Engineering Assistant II by defendant, however defendant intended to terminate her on February 17, 2022 and it continues to intend to terminate plaintiff.

**15.**     At all times material to this action, plaintiff was perceived as having a disability as defined by 42 U.S.C. §12102 (1) (2) and (3) and was subjected to adverse actions prohibited under this chapter because of perceived physical impairments whether or not these perceived impairments limited or were perceived to limit major life activities.

**16.**     Specifically, plaintiff was perceived as disabled with a contagious disease; was mis-classified as having an impaired immune system and an impaired respiratory system by the defendant; and was unable to work because of defendant's discriminatory perceptions, policies and procedures.

**17.**     At all times material to this action, plaintiff was, and is, a "qualified individual" under the ADA-AA as a person who met the legitimate skill, experience, education, or other requirements of the employment position that plaintiff holds, and who can/could perform the "essential functions" of the position plaintiff holds with or without reasonable accommodation.

- 3 -

*Complaint-- Marcia Wilson*

**18.**   Additionally, defendant is not eligible for any exemption under the ADA-AA, and, indeed, did not seek or obtain an exemption.

**19.**   At all times material to this action, defendant is/was an employer covered by the ADA-AA in that it employs more than 15 employees.

**20.**   At all times material to this action, plaintiff was an employee entitled to be free from discrimination on the basis of a perceived disability under the ADA-AA.

**PLAIN STATEMENT**

**21.**   Defendant discriminated against plaintiff based upon perceived disability. When the plaintiff objected, the defendant continued to impose accommodations; including but not limited to: prohibited medical examinations and interventions including mask-wearing; without first conducting an individualized assessment to determine if she was a direct threat. Defendant has used policies and procedures that harass, isolate, segregate, limit, classify, deny equal access and impose non-job-related medical exams and inquiries upon the plaintiff. Defendant also retaliated against plaintiff by interfering with her rights; refusing to assist her in seeking administrative relief to the discrimination; imposing punitive measures including: isolating, suspending, intending to discharge her and imposing prohibited medical examinations and inquiries; withholding her pay; reducing her work hours and it intends by its continued actions to terminate her employment, which is prohibited under the ADA-AA.

**STATEMENTS OF FACT**

**22.**   The Americans with Disabilities Act Amendments Act ("ADA-AA"), 42 U.S.C. § 12101, *et. seq.*, as amended is a remedial statute aimed at addressing and providing remedy in response to Congress's findings that discrimination against individuals with physical or mental disabilities persist in critical areas like employment, and our nation's goals with respect to individuals with disabilities is to assure equality of opportunity and participation. 42 U.S.C. § 12101(a)(1)-(8). The ADA-AA is meant to protect qualified employees, like the plaintiff, from discrimination, harassment and retaliation in the workplace on account of a real or perceived mental or physical disability. 42 U.S.C. § 12112.

*Complaint-- Marcia Wilson*

**23.**   Plaintiff advised the defendant that she was being regarded as disabled by the defendant and that the defendant was making a record of this disability by mis-classifying her as substantially limited with impaired immune and respiratory systems affecting her ability to perform major life activities in the workplace including working, communicating with others, performing manual tasks, talking, and breathing without the use of mitigation measures.

**24.**   Plaintiff on many occasions duly noticed the defendant of her good faith opposition to discriminatory policies and procedures.

**25.**   Under the ADA-AA an employer may not require an individual with a disability to accept accommodations which the qualified individual chooses not to accept, 29 CFR 1630.9(d). This is especially pertinent when accommodations are imposed for a perceived and unproven disability.

**26.**   Under the ADA-AA an employer is required to conduct an individual assessment to determine whether an employee poses a 'direct threat' before it can impose any measures upon the employee, 29 CFR §1630.2 (r).

**27.**   Under the ADA-AA it is considered discrimination on the basis of disability if the employer limits, segregates, or classifies an employee in a way that adversely affects such employee because of the disability, 42 USC § 12112.

**28.**   Under the ADA-AA an employer who discharges, disciplines, or discriminates against an employee in the manner described in subsection (a) is considered to have violated 29 CFR §1630.4 (a).

**29.**   Under the ADA-AA employers are prohibited from retaliating against individuals who oppose discriminatory activities or who make charges, testify, assist, or participate in any manner in an investigation, proceeding or hearing. 42 U.S.C. § 12203 and 29 CFR Parts 1630.12(a) and (b) and Parts 1630.13(b), (c), (d) and Part 1630.14(c) and shall be subject to the enforcement provisions relevant to such violations set forth in sections 42 U.S. Code § 12117,  42 U.S. Code § 12133 and 42 U.S. Code § 12188.

- 5 -

*Complaint-- Marcia Wilson*

**30.** Under the ADA-AA employers are prohibited from requiring medical examinations or making disability-related inquiries of employees unless such examination or inquiry is shown to be job-related and consistent with business necessity; 42 U.S.C. §12112(d)(4); 29 CFR §1630.13 (b).

**31.** Under the ADA-AA, employers are prohibited from sharing non-job-related medical classification without any regard to confidentiality; 29 CFR §1630.14 (c).

**32.** The plaintiff may proceed under the "regarded as" prong and the "record of" prong and this court has jurisdiction under the ADA-AA.

## GENERAL ALLEGATIONS

**33.** At all times material to this action, defendant failed to comply with its duty under the ADA-AA once plaintiff validly notified defendant of plaintiff being regarded as disabled and misclassified as substantially limited and requested equal access under the ADA-AA.

**34.** Defendant discriminated and retaliated against plaintiff for making a complaint that she was being regarded as disabled, thus asserting her entitlement to equal access under the ADA-AA.

**35.** Specifically, plaintiff was perceived by defendant's policies and procedures as being disabled with a contagious disease and substantially limited by an impaired immune system and an impaired respiratory system to such an extent that the defendant refused to allow plaintiff to work unless plaintiff used mitigation measures.

**36.** Defendant's policies and procedures are specifically implemented for the purpose of mitigating the disability which it regards the plaintiff as having.

**37.** Plaintiff requested the defendant to provide a copy of the individualized assessment[1] that it conducted to determine that plaintiff was a direct threat; however, defendant ignored the requirement and continued to demand that the plaintiff participate in its "health control

---

1 EEOC Technical Manual 2.2 (c) "...the Supreme Court has stated and the Congress has reiterated, "society's myths and fears about disability and disease are as handicapping as are the physical limitations that flow from actual impairments." The legislative history of the ADA indicates that Congress intended this part of the definition to protect people from a range of discriminatory actions based on "myths, fears and stereotypes" about disability, which occur even when a person does not have a substantially limiting impairment."

*Complaint-- Marcia Wilson*

measures" or accommodations such as mask-wearing, medical examinations, inquiries and treatments under Emergency Use Authorization ("EUA").

**38.**   Rather than providing equal access or proving any exemption to the ADA-AA, the defendant embarked on a series of adverse employment actions against the plaintiff which were designed to deter the plaintiff's good faith opposition to the policies and procedures.

**39.**   Defendant's policy and procedures limited plaintiff's right to invoke ADA-AA protections by refusing to recognize that plaintiff could claim a reason under Federal law for refusing to comply with the policy and procedures.  Instead, defendant insisted that plaintiff could only claim a "medical" or "religious" exemption, which is interference with plaintiff's rights under the ADA-AA.

**40.**   Defendant also engaged in adverse employment actions when plaintiff claimed the right of informed consent and the right to refuse to take part in clinical trials and noticed the defendant that all the imposed mitigation measures fall under an EUA period.

**41.**   Defendant's violation of the ADA-AA was not in good faith and was willful, and plaintiff sustained damages as a result of defendant's conduct including past and future wages, lost opportunities and benefits, liquidated damages, emotional distress, and reasonable attorneys' fees and or costs.

**42.**   Plaintiff re-alleges each statement from the Affidavit herein.

*Complaint-- Marcia Wilson*

## COUNT I

## PERCEIVED DISABILITY DISCRIMINATION UNDER THE ADA-AA

**43.**   Plaintiff incorporates each of the above statements of fact herein; the allegations contained in the paragraphs 1 through 42 and the plaintiff's supporting affidavit which is also re-alleged and incorporated herein.

**44.**   Title I of the ADA prohibits employment discrimination on the basis of disability in all aspects of employment, in 29 CFR § 1630 *et sequitur;* and particularly §1630.4; § 1630.5.

**45.**   Plaintiff is a qualified individual under the ADA-AA.

**46.**   On December 29, 2020, the defendant began regarding the plaintiff as having the disability of a contagious disease and made a record of such disability by mis-classifying plaintiff as being substantially limited with an impaired immune system and an impaired respiratory system; and began requiring plaintiff to use mitigation measures to perform several major life activities in the workplace.

**47.**   The defendant has made no meaningful efforts to remediate itself on the law, and has only referred to statements made on the CDC's website, but this clearly does not qualify as an individualized assessment.

**48.**   Despite having knowledge of plaintiff claiming protected status under the ADA-AA, Defendant continued to limit, segregate, classify plaintiff due to its perception of Plaintiff as a person with a disability within the meaning of the ADA-AA.

**49.**   The defendant's responses to the requests made by the plaintiff to cease the discrimination and harassment were in fact non-responsive, dismissive or harassing; a true and correct copy of each written communication is included with Exhibit A.

**50.**   Despite plaintiff's written notices, the defendant continued without cessation to harass the plaintiff based upon disability by sending the plaintiff numerous communications coercing plaintiff to accept various accommodations or suffer adverse employment actions. All written communications are attached as Exhibit A.

- 8 -

*Complaint-- Marcia Wilson*

**51.**    Defendant imposed accommodations upon the plaintiff which included isolation and segregation such as demanding plaintiff remain 6 feet away from co-workers and requesting her to work remotely.

**52.**    The defendant has failed to ensure the equal access or accessibility of the premises where the plaintiff is assigned to work.   The plaintiff has thereby been prevented from enjoying equal access and the benefits of employment enjoyed by other employees.

**53.**    Defendant's "COVID-19 policies and procedures" classified the plaintiff in such a way that plaintiff's employment opportunities were adversely affected and limited because the defendant would not permit plaintiff to do her job without first submitting to the defendant's accommodations ("mitigation measures").[2]

**54.**    Defendant classified the plaintiff as "unvaccinated"[3]; widely shared this classification of the plaintiff with other employees without any regard to confidentiality[4]; and encouraged employees to harass the plaintiff with repetitive emails, intimidating interactions and threats of termination.

**55.**    An employer is entitled only to the information necessary to determine whether the employee can perform the essential functions of the job with or without reasonable accommodations and the defendant has failed to identify any set of facts that would qualify under this limitation.

**56.**    Defendant has never conspicuously disclosed or gave legally adequate notice that complying with the COVID-19 mitigation measures ("accommodations") are an **essential function**[5] of the job of Fire Prevention Engineering Assistant II; and the measures have never previously been an essential function of plaintiff's job. [6]

**57.**    Plaintiff claimed her right not to provide any medical information that is not related to the performance of his job duties.

2 prohibited by 29 CFR § 1630.5

3 discrimination based upon physical condition

4 prohibited by 29 CFR § 1630.13.

5   29 CFR 1630.2 definition "Essential Function": "(i) ....the reason the position exists is to perform that function."

6   https://www.eeoc.gov/publications/ada-your-responsibilities-employer

- 9 -

*Complaint-- Marcia Wilson*

**58.**   Defendant limited the accommodation measures[7], such as examinations; disclosures of medical records that were not job-related; experimental injections; medical interventions; equipment or products; to only those chosen by the defendant. Additionally, the defendant failed to prove that there are no other "accommodations" available which do not require injections, medical devices and medical examinations.

**59.**   If the plaintiff had previously made at least one request for reasonable modifications, plaintiff has since withdrawn such request.

**60.**   Additionally, the so-called "vaccines" that are being promoted as vaccines do not actually prevent transmission or infection of any contagious disease, specifically regarding the so-called "COVID-19" or "SarsCOV2" purported "diseases".

**61.**   The ADA-AA also protects individuals such as Plaintiff for whom submitting to certain accommodation measures would create impairments. The accommodations include, but are not limited to, taking experimental injections under Emergency Use Authorization (EUA) which are being promoted as "vaccines" but which are not legally vaccines; submitting to repetitive, non-job-related medical examinations (nasal tissue testing, temperature checks); being placed under isolation, segregation and quarantine without due process; using medical devices for mitigation measures[8] (masks); disclosing Plaintiff's medical records and history for non-job-related matters and participating in clinical trials and epidemiological experiments as a condition of employment.

**62.**   Plaintiff requests that this court take judicial notice of Section 201(h) of the Food, Drug and Cosmetic Act and its Final Guidance titled, "Classification of Products as Drugs and Devices & Additional Product Classification Issues: Guidance for Industry and FDA Staff", published in September of 2017, in which the Food & Drug Administration **defines** wearing a mask for mitigation purposes as a medical device and the application of a medical device or contrivance.  A true and correct copy of this is included as Exhibit B.

**63.**   Plaintiff further requests judicial notice of the fact that the Food & Drug administration has never **approved** wearing such face masks, but only "authorized" them without any

---

7  29 CFR Part 1630.2(j)(5)(i)

8 Section 201(h) Food, Drug & Cosmetic Act

- 10 -

*Complaint-- Marcia Wilson*

supporting medical or clinical data establishing any medical necessity or efficacy for wearing such contrivances.

**64.** The plaintiff requests that the court take judicial notice of the official mortality rates of the State of California and the United States for the years from 2017, 2018, 2019 and 2020 in which the standard deviation is zero, the very definition of no verifiable "pandemic".

**65.** Plaintiff has been damaged by Defendant's violation of the ADA-AA and has suffered damages, which include past and future earnings, lost opportunities and benefits, and emotional distress.

**66.** The conduct of defendant and its agents and employees proximately, directly, and foreseeably, injured plaintiff, including but not limited to, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

**67.** The conduct of defendant was so willful and wanton and in such reckless disregard of the statutory rights of plaintiff so as to entitle plaintiff to an award of punitive damages against the defendant, to deter it, and others, from such conduct in the future.

**68.** As a result of Defendant's actions the plaintiff has experienced discrimination, segregation, isolation.

**69.** Plaintiff is entitled to any and all relief permitted under the ADA-AA, 42 U.S.C. § 12117(a), including equitable relief.

**70. WHEREFORE**, Plaintiff respectfully requests entry of:

a.    judgment in plaintiff's favor and against the defendant for violations of the anti-discrimination provisions of the ADA-AA; and

b.    ordering defendant to comply with the requirements of Title I of the Americans with Disabilities Act, 42 U.S.C. §12101; and

c.    ordering defendant to take such affirmative steps as may be necessary to prevent the recurrence of any discriminatory conduct and to eliminate, to the extent practicable, the effects of such conduct; and

- 11 -

*Complaint-- Marcia Wilson*

d.      judgment in his favor and against defendant for actual and compensatory damages, including lost earnings, front pay, and/or all actual monetary losses suffered as a result of defendant's conduct; and

e.      judgment in plaintiff's favor and against defendant for reasonable attorney fees, costs and litigation expenses; and

f.      judgment in plaintiff's favor and against the defendant for punitive damages; and

g.      an order granting such other and further relief as this court deems just and equitable under the circumstances of this case.

71.   Plaintiff demands a jury trial.

### COUNT II

### INTERFERENCE/RETALIATION UNDER THE ADA-AA

72.   The ADA-AA also prohibits employers from retaliating against individuals who oppose discriminatory activities or who make charges, testify, assist, or participate in any manner in an investigation, proceeding or hearing under the ADA, Title 42 U.S.C. § 12203 and 29 CFR Parts 1630.12(a) and (b) and Parts 1630.13(b), (c), (d) and Part 1630.14(c).

73.   Plaintiff incorporates the above statements of fact and the allegations contained in the paragraphs 1 through 42 herein and the plaintiff's supporting affidavit which is also re-alleged and incorporated herein.

74.   On November 17, 2021, the defendant began unceasingly retaliating against the plaintiff despite plaintiff's reasonable good faith belief that she was exercising protected opposition to discrimination and claiming rights protected under the ADA.

75.   The plaintiff was threatened to be terminated because of her unvaccinated condition and has successfully stated a violation of the Act simply because she has been subjected to an action prohibited under the law because of perceived physical impairment.

- 12 -

*Complaint-- Marcia Wilson*

**76.** Defendant continued to threaten the plaintiff with suspension, dismissal, and termination even after it was aware of a pending EEOC investigation and plaintiff's protected opposition status.

**77.** Defendant coerced Plaintiff to submit to the accommodation measures, medical interventions and examinations and other health control measures, even though defendant was duly advised by Plaintiff that she was not subject to any health control measures by any court order, and that the defendant was not empowered by any court order or other legal duty to impose such interventions, examinations or control measures upon the plaintiff. [9]

**78.** Defendant threatened the plaintiff with the termination of employment because of a perceived disability and as a result of classifying plaintiff as "unvaccinated".

**79.** Defendant's notices to the plaintiff failed to include conspicuous notice as to the manner in which its accommodations ("Covid policies and procedures") are related to the performance of plaintiff's essential job functions, and also did not mention plaintiff's right of refusal under EUA guidelines[10].

**80.** Despite having knowledge of plaintiff claiming protected status under the ADA-AA, the defendant continuously moved to terminate plaintiff's employment due to plaintiff's opposition to discriminatory policies and procedures.

**81.** Defendant also failed to give notice of plaintiff's right to refuse the defendant's accommodations under the ADA[11], and failed to advise the plaintiff of her right to informed consent.

**82.** At all times material to this action, Defendants interfered with Plaintiff's rights under the ADA-AA.

**83.** As a result of Defendant's intentional, willful and unlawful acts by interfering with Plaintiff's rights under the ADA-AA, Plaintiff has suffered injury and damages.

---

9  See California Public Health Emergencies Bench Book

10 Title 21, Chapter 9 V, Part E §360bbb–3a. Emergency use of medical products.

11 29 CFR Part 1630.9 (d) & (e)

- 13 -

*Complaint-- Marcia Wilson*

**84.**    The injury suffered by the plaintiff is thereby concrete and particularized and it is actual and imminent.   The injury alleged in the complaint, including the pleading and exhibits, clearly sets forth a set of facts that actually occurred and are not conjectural or hypothetical.  The injury described therein is traceable to the challenged action, conduct and policies of the defendant.

**85.**    The harm (injury) already suffered by the plaintiff includes, but is not limited to, having to choose between waiving rights to: medical privacy, informed consent, refusal to take part in clinical trials, and be free of discrimination and retaliation OR having plaintiff's employment terminated.    Once violated, these rights cannot be recovered.

**86.**    Defendant's policies and procedures demonstrate soundly and convincingly that it intends to inflict future harm against the plaintiff based upon perceived disability; it fully intends to continue these policies and it fully intends to continue retaliating against the plaintiff as alleged herein.

**87.**    As a result of Defendant's actions the plaintiff has experienced retaliation, coercion, interference, intended termination and disruption in plaintiff's career.

**88.**    The defendant's efforts were to terminate plaintiff, rather than to provide equal access, per defendant's duty, and were not objectively or subjectively in good faith, therefore plaintiff is entitled to liquidated damages or other monetary damages, including punitive damages to the extent available.

**89.**    **WHEREFORE**, plaintiff respectfully requests entry of:

a.    ordering defendant to comply with the requirements of Title I of the Americans with Disabilities Act, 42 U.S.C. §12101; and,

b.    take such affirmative steps as may be necessary to prevent the recurrence of any retaliation, coercion, interference and intimidation and to eliminate, to the extent practicable, the effects of such conduct; and

c.    reinstatement, or, in the alternative, front pay in the event reinstatement is not practical; and

- 14 -

*Complaint-- Marcia Wilson*

d.      judgment in plaintiff's favor and against defendant for actual and compensatory damages, including lost earnings, front pay, and/or all actual monetary losses suffered as a result of defendant's conduct; and

e.      judgment in plaintiff's favor and against defendant for reasonable court fees and litigation expenses; and

f.      judgment in plaintiff's favor and against defendant for punitive damages; and

g.      assess a civil penalty against the defendant in an amount authorized by 42 U.S.C. §12101 to vindicate the public interest and make the plaintiff whole; and

h.      an order granting such other and further relief as this court deems just and equitable under the circumstances of this case.

**90.**    Plaintiff demands a jury trial.

DATED this _23_ day of April 2022.

Marcia Wilson, Plaintiff

- 15 -

*Complaint-- Marcia Wilson*




# PRIORITY MAIL EXPRESS®

U.S. POSTAGE PAID
LONG BEACH, CA
$32.30



**EMS**

## MAILING BOX
### FOR DOMESTIC AND INTERNATIONAL USE

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

## GUARANTEED* ▪ TRACKED ▪ INSURED



PS10010133400

ID: 14.875 x 11.875 x 3
OD: 15 x 12 x 3.125
ODCUFT: 0.325

UNITED STATES POSTAL SERVICE®

PRIORITY MAIL EXPRESS®

EJ 507 272 086 US

FROM: (PLEASE PRINT)  PHONE ( )
Marcia Wilson
1786 E. Dimondale Drive
Carson, CA 90746

TO: (PLEASE PRINT)  PHONE ( )
U.S. District Court, Central Dist. of California
Edward R. Roybal Federal Bldg & U.S. Courthouse
255 E. Temple Street
Los Angeles, CA
ZIP + 4® (U.S. ADDRESSES ONLY)
9 0 0 1 2 - 3 3 3 2

PO ZIP Code: 90809    Scheduled Delivery Date: 4/26/22    Postage: $ 29.25
Date Accepted: 4/25/22    10:30 AM    6PM    Insurance Fee: $
Time Accepted: 8:57 □AM ☑PM    Return Receipt Fee: $ 3.05
Weight: 4 .26 lbs/oz    10. □    Total Postage & Fees: $ 32.30

**PEEL FROM THIS CORNER**



UNITED STATES POSTAL SERVICE®