# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-02823-RGK-PD | | Date | July 29, 2022 |
|---|---|---|---|---|
| Title | *Marcia Wilson v. Los Angeles County Fire Department* | | | |

**JS6**

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:**          **(IN CHAMBERS) Order of Dismissal**

Marcia Wilson ("Plaintiff") filed a complaint in this action against her employer, the Los Angeles County Fire Department ("Defendant"). (*See* Compl., ECF No. 1.) Having reviewed the complaint, the Court finds that the claims asserted within are implausible.

"A trial court may dismiss a claim sua sponte" under Federal Rule of Civil Procedure ("Rule") 12(b)(6). *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). "Such a dismissal may be made without notice where the claimant cannot possibly win relief." *Id.*

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if the plaintiff alleges enough facts for the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* A plaintiff need not provide "detailed factual allegations" but must provide more than mere legal conclusions. *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Courts must "accept all factual allegations in the complaint as true," *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007), and "construe the pleadings in the light most favorable to the nonmoving party." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1159 (9th Cir. 2012).

Plaintiff alleges that Defendant discriminated against her on the basis of disability in violation of the Americans with Disabilities Act ("ADA"; 42 U.S.C. § 12112(a)). The ADA prohibits "limiting, segregating, or classifying a job applicant or employee in a way that adversely affects the opportunities or status of such applicant or employee because of the disability of such applicant or employee." 42 U.S.C. § 12112(b)(1). Plaintiff claims that Defendant "began regarding [her] as having the disability of a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-02823-RGK-PD | | Date | July 29, 2022 |
|---|---|---|---|---|
| Title | *Marcia Wilson v. Los Angeles County Fire Department* | | | |

**JS6**

contagious disease" and imposed certain "accommodations" on her. (Compl. ¶¶ 46, 50.) She equates "accommodations" with "COVID-19 mitigation measures," including:

> taking experimental injections under Emergency Use Authorization (EUA) which are being promoted as 'vaccines' but which are not legally vaccines; submitting to repetitive, non-job-related medical examinations (nasal tissue testing, temperature checks); being placed under isolation, segregation and quarantine without due process; using medical devices for mitigation measures (masks); disclosing Plaintiff's medical records and history for non-job-related matters and participating in clinical trials and epidemiological experiments as a condition of employment.

(Compl. ¶¶ 56, 61.) According to Plaintiff, these "accommodations" affected her ability to work and protesting these "accommodations" subjected her retaliation. (Compl. ¶¶ 23, 34.)

To sufficiently state a claim, Plaintiff must allege that she is "disabled" and "qualified," as defined under the ADA, and suffered an adverse employment action because of her disability. *See Snead v. Metropolitan Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1087 (9th Cir. 2001). A person can satisfy the definition of "disability" by establishing that she was subject to discrimination because of a "*perceived* physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." 42 U.S.C. § 12102(3)(A) (emphasis added). Impairments that are "transitory and minor" are excluded. 42 U.S.C. § 12102(3)(B).

The Court observes several implausible aspects of Plaintiff's claim. First, it does not appear plausible that Plaintiff's perceived contagious disease—presumably COVID-19—is a physical impairment that is *not* transitory and minor. "A transitory impairment is an impairment with an actual or expected duration of 6 months or less." 42 U.S.C. § 12102(3)(B). The Court takes judicial notice that the expected duration of a COVID-19 infection is less than 6 months.[1] *See* Centers for Disease Control and Prevention, *Ending Isolation and Precautions for People with COVID-19: Interim Guidance*, Assessment for Duration of Isolation (July 29, 2022), https://www.cdc.gov/coronavirus/2019-ncov/hcp/duration-isolation.html#anchor_1631308538001 ("Most patients with more severe-to-critical illness likely remain infectious no longer than 20 days after symptom onset."). As such, Plaintiff's purported "disability" cannot plausibly satisfy the statutory definition.

---

[1] A court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-02823-RGK-PD | | Date | July 29, 2022 |
|----------|----------------------|---|------|---------------|
| Title | *Marcia Wilson v. Los Angeles County Fire Department* | | | |

**JS6**

Second, it is not plausible that Defendant treated Plaintiff differently *because of* a disability. Plaintiff does not allege that the "COVID-19 mitigation measures" targeted her personally, and it is doubtful that they applied only to her. Without an allegation of disparate treatment, it is implausible that Defendant implemented COVID-19 prevention policies *because of* a perception about Plaintiff.

Because Plaintiff does not—and cannot—state a plausible claim, the Court dismisses this action.

All pending dates of the Court's calendar are vacated as moot.  The Clerk shall close this case.


**IT IS SO ORDERED.**


_____ : _____

Initials of Preparer             jre/k